**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4578**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARRIS MAURICE GRIFFIN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (CR-04-00008)

_____

Submitted: May 25, 2005                    Decided: June 7, 2005

_____

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Sherwin J. Jacobs, Harrisonburg, Virginia, for Appellant. John L. Brownlee, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Lara Kate Jacobs, Third-Year Practice Law Student, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Garris Maurice Griffin appeals the 100-month sentence imposed after he pled guilty, without a written plea agreement, to an information charging him with possession of a number of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), Griffin contends only that his Sixth Amendment right to a jury trial was violated because the district court enhanced his sentence under U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(C) and (b)(4) (2003), based upon findings by a preponderance of the evidence that thirty-four stolen firearms were involved in the offense. We affirm.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court reaffirmed its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant . . . ." Booker, 125 S. Ct. at 756 (Stevens, J., opinion of the Court). Our review of the record in this case convinces us

that no Sixth Amendment violation occurred because, at the plea hearing, Griffin admitted the facts supporting the enhancements.

Accordingly, we affirm Griffin's sentence.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]We decline to review the issue of whether the district court erred in sentencing Griffin under a mandatory guidelines regime, see Booker, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court), because he did not raise that issue on appeal. See United States v. White, 405 F.3d 208, 216 n.5 (4th Cir. 2005).